UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HILLMAN POWER COMPANY, LLC,

        Plaintiff,

v.

        Case No. 1:19-cv-11009

        Honorable Thomas L. Ludington

ON-SITE EQUIPMENT MAINTENANCE,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT TESTIMONY AND DENYING PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENAS AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Hillman Power Company, LLC ("Hillman") is a biomass electrical power generating plant located in Hillman, Michigan. Hillman's facility utilizes a stoker boiler primarily burning wood products. Defendant, On-Site Equipment Maintenance LLC, ("On-Site") is an industrial equipment repair company with its principal place of business located in Edison, New Jersey. The dispute leading to this case arises out of On-Site's effort to repair a steam stop valve for Hillman. Plaintiff, Hillman Power Company, LCC, ("Hillman"), filed a five count Complaint, including: breach of contract (Count I); negligence (Count II); unjust enrichment (Count III); fraudulent misrepresentation (Count IV); and negligent misrepresentation (Count V) against Defendant, On-Site Equipment Maintenance, LCC ("On-Site"). ECF No. 1 at PageID.2. After the case was removed to federal court, On-Site filed a cross-claim with its answer. *Id*.; ECF No. 12-2 at PageID.88–90.

Hillman sought summary judgment on Counts I, II and V on December 23, 2020. ECF No. 55 at PageID.1117. On-Site, in turn, filed a cross-motion for summary judgment for its breach of

contract counterclaim (due to Hillman's alleged failure to pay the entire balance owed and breaching contractual warranty terms) and sought a denial of all five counts of Hillman's Complaint. *Id.* at PageID.1122. On-Site's Motion to Dismiss Counts II, III, IV and V of Hillman's Complaint was granted. *Id.* at PageID.1132. Hillman and On-Site's cross-claims for breach of contract remain because there is a genuine dispute of material fact regarding the inoperability of the valve and uncertainty as to whom breached the contract first. *Id.* at PageID.1122–23.

On June 10, 2020, On-Site moved to exclude one of Hillman's witnesses from testifying as an opinion witness at trial, Mr. Talmadge, an employee of engineer company MD&A. ECF No. 32 at PageID.284. On-Site contends that Mr. Talmage's testimony should be struck because Hillman violated expert disclosure provisions of Federal Rule of Civil Procedure 26(a). *Id.* at PageID.275; Fed. R. Civ. P. 37(c)(1). Second, On-Site asserts that the witness should be struck from testifying as an opinion witness because his testimony does not satisfy Federal Rule of Evidence 702. ECF No. 32 at PageID.279–80.

As alternate relief, on September 9, 2020, On-Site filed a motion for a protective order, seeking to depose Mr. Talmage and Mr. Early (another MD&A employee). ECF No. 46. On-Site noticed their depositions in August 2020 and it seeks to enforce the depositions. *Id*. Although requested after the close of discovery, On-Site claims it could not have deposed the witnesses during the discovery period because the witnesses' identities and the required expert reports were not previously released. *Id*.

In response, Hillman filed a motion to quash On-Site's subpoenas. ECF No. 45. Hillman insists that On-Site had proper notice of the witnesses and adequate time to depose them during discovery. *Id.* at PageID.958-59; ECF No. 45-2 at PageID.973. Since the beginning of discovery, Hillman explains MD&A (Mr. Talmage and Mr. Early's employer) "has been explicitly referenced

throughout written responses to discovery, correspondence, and documents produced in this matter, and Mr. Talmage and Mr. Early specifically were identified in documents produced in November of 2019." ECF No. 45 at PageID.958–59. Hillman also points out accurately that the F.R.C.P. 26(a) expert reporting requirements "only appl[y] to witnesses 'retained or specially employed to provide expert testimony in the case.'" *Id.* at PageID.960 (citing *Liberty Mutual Ins. Co. v. City of Dearborn*, 2012 WL 13009107 (E.D. Mich. Apr. 25, 2012). Therefore, Hillman contends that, because its witnesses are not testifying strictly as experts, F.R.C.P. 26(a)'s requirement to report is inapplicable. *Id.*

On-Site's Motion to Strike Plaintiff's Expert Witness will be granted. Hillman's Motion to Quash On-Site's Subpoena of Hillman's Expert Witnesses and On-Site's Motion for Protective Order will be denied.

## I.

### A.

On-Site asserts that Mr. Talmage should not be permitted to offer opinion testimony at trial because Hillman did not abide by the F.R.C.P. 26(a) rules of disclosures. ECF No. 32 at PageID.282. Under F.R.C.P. 26(a), a party must provide witnesses' names as well as their contact information to all other parties to a litigation without awaiting a discovery request. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). In the initial April 30, 2019 Scheduling Order, Plaintiff Hillman was required to disclose its expert witnesses to Defendant within three business days of their retention or no later than September 27, 2019. ECF No. 3. The scheduling order was later extended, but the expert disclosure deadline did not change. ECF Nos. 13, 22, 29, 38. Discovery ultimately closed on May 18, 2020. ECF No. 29.

On-Site argues that

> Plaintiff was required to disclose the identify of any experts it anticipated calling at trial [and while it] supplied expert disclosures on March 6, 2020, [it] did not, at any point, disclose the actual name of its expert to the Defendant beyond stating that he or she was from MD&A Turbines. Even when pressed by Defense counsel, Plaintiff's counsel did not reveal the name. Plaintiff never produced the expert's qualification or explained what his methodology would be at the inspection or even his purpose. Finally, Plaintiff has never produced an expert report to date.

ECF No. 32 at PageID.280–81 (citation omitted). Because Hillman did not comply with discovery rules without just cause, On-Site contends that Mr. Talmage's expert testimony should not be permitted, explaining that "if a party fails to . . . identify a witness . . . , the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1); ECF No. 32 at PageID.281.

In response, Hillman explains that expert reports only need to be filed if the expert was retained for the litigation. ECF No. 35 at PageID.349–50. If the expert "formed their opinions at the time of their involvement and not at the request of counsel" "[a]n expert will not be considered to have been retained for the purposes of providing expert testimony." *Id.* (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007); *Webastro Thermo & Comfort N. Am., Inc. v. Bestop Inc.*, 2019 WL 2417070 (E.D. Mich. June 10, 2019). However, Hillman does not address the fact that MD&A is a company and not an individual expert, nor the fact that Hillman did not update its expert disclosures to include Mr. Talmage once it identified him as the individual expert. Further, Hillman does not provide any legal authority to support its suggestion that identifying an expert's employer but not the individual expert is sufficient to meet the requirements of FRCP 26.

Under FRCP 26(a), a party is required to "disclose to the other parties the identity of any witness it may use at trial to present evidence." *See* Fed. R. Civ. P. 26(a)(2)(A). It also requires a party to "make its initial disclosures based on the information then reasonably available to them" and to confer as soon as possible so parties can consider the basis of their claims and defenses. *See*

Fed. R. Civ. P. 26(a)(1)(E), (f)(1)-(2). If a party does not follow FRCP 26, then "the party is not allowed to use that information or witness . . . at a hearing, or at a trial, unless the failure was substantially justified or is harmless," regardless if the person is a fact witness, expert or both. *See* Fed. R. Civ. P. 37(c)(1).

Hillman disclosed MD&A as an expert witness in its expert disclosures in early March 2020, but not the individual experts themselves. ECF No. 32 at PageID.274. It also did not identify any legal authority providing that identifying an expert's employer, rather than the expert themselves, is sufficient to meet the FRCP 26 disclosure rules. Further, to the extent that Hillman argues it could not have identified the specific individual experts until the June 9, 2020 inspection, Hillman did not update its expert disclosures to list Mr. Talmadge's name. Listing the expert's employer, MD&A, as the expert witness was not sufficient to disclose the expert to Defendant. Rule 26 requires an individual's name, address and telephone number, not just a company name. Fed. R. Civ. P. 26(a)(1)(A)(i).

B.

Since Mr. Talmage's identity should have been disclosed, Hillman may only qualify him as an expert during trial if the failure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). On-Site argues that "Defendant does not know what Mr. Talmage's conclusions are or even what his qualifications were to do the inspection [of the valve] in the first place. The Defendant is prejudiced by this because it will, presumedly, only get these materials on the eve of the dispositive motion deadline with no time in which to conduct expert discovery." ECF No. 32 at PageID.282. Defendant also argues Mr. Talmage's testimony is not reliable and would disrupt trial because his "expected testimony is based on incorrect facts." *Id.* at PageID.282–83.

Hillman responds that MD&A's involvement with the valve was disclosed in November of 2018 and "On-Site is in possession of MD&A's daily reports, email correspondence, purchase orders, and photographs from the time of its work at the Plaint. On-Site never attempted to depose MD&A or sought discovery regarding its qualifications." ECF No. 35 at PageID.352–53. Further, it contends "On-Site will have the opportunity to inspect and respond to any report both in dispositive motions and cross-examination." *Id.* at PageID.354. The "evidence regarding the state of the Valve in question is critical to the disposition of the case" and "On-Site's repeated cancellation of the [valve] inspection has been the cause of this delay." *Id.*

To determine if such a failure was justified or is harmless, the Sixth Circuit has adopted the five factor *Howe v. City of Akron* test, which evaluates: (1) surprise to the other part(ies); (2) that party's ability to cure the surprise; (3) the disruption the evidence would cause if allowed at trial; (4) the evidence's importance; and (5) the nondisclosing party's explanation for failing to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). When applying the Howe test, a court should evaluate the factors individually. *See Howe*, 801 F.3d at 748–49. Afterwards, the factfinder should balance he factors against each other. *Id.* at 749.

Although On-Site claims surprise, there is evidence that On-Site previously learned of Mr. Talmage's identity, despite Hillman's improper and insufficient disclosure. A purchase order from October 2018 lists both Mr. Talmage and Mr. Early as the MD&A professionals who helped repair and install the shop valve. ECF No. 45-2 at PageID.973.[1] On-Site's counsel was also present during Mr. Talmage's June 9, 2020 valve inspection and they saw his name on the plant sign-in log. ECF

---

[1] The purchase order itself was included in Plaintiff's motion to quash subpoenas. However, the document is part of the discovery referenced by Plaintiff in their response to Defendant's motion to strike, ECF No. 35 at PageID.349 ("Perhaps most tellingly, On-Site itself served a subpoena for documents on On-Site, which On-Site responded to in March with over 100 documents relating to the work it performed in October of 2018 at Hillman.").

No. 32 at PageID.274. This factor favors Hillman because even though Hillman did not follow protocol for expert disclosures, On-Site's counsel could have learned the identity of the experts during discovery and in June 2020, counsel met Mr. Talmage in person.

Second, On-Site may cure the surprise by deposing Mr. Talmage, but not without delaying trial. This Court determined there is a question of fact about who first breached the contract. Trial is currently scheduled for October 26, 2021. Any additional depositions and responsive documents would likely result in a further delay. Third, the evidence itself would not cause a disruption at trial, but as mentioned, it would likely result in a delay of trial to ensure sufficient time for depositions. Factors two and three favor excluding the expert's testimony.

Fourth, the only issue at trial is the cross-claims for breach of contract, which focus on the warranty terms and the order of Hillman and On-Site's actions regarding the valve. The details of how the valve functioned (or did not) is less relevant and may indeed be addressed without qualifying the gentlemen under FRE 702. Mr. Talmage's expert testimony is not essential to the breach of contract inquiry. Fifth, Hillman's argument that it did not update the expert witness disclosures once it became aware of Mr. Talmage's involvement in the inspection because it already listed their employer as the expert does not justify the non-disclosure. If Mr. Talmage is a percipient witness who is not required to write a report (as Hillman argues), then Hillman would have been aware of the expert's involvement earlier in the case. Thus, it should have been able to identify any MD&A employees at the time of its expert disclosures. If Hillman was waiting to see who was involved with the inspection, then Mr. Talmage's participation would more closely resemble that of retained experts and an expert report would have likely been required.

On the whole, Hillman has not provided good cause for its failure to identify Mr. Talmage as an expert witness. Plaintiff's Motion to Srike Defendant's expert will be granted. Mr. Talmage

will not be allowed to testify at trial in any expert capacity, as a retained or percipient expert witness.

Because Mr. Talmage will not be allowed to testify as experts at trial, Plaintiff's Motion for Protective Order for Depositions and Defendant's Motion to Quash Subpoenas will be denied as moot as to Mr. Talmage.

In Plaintiff's Motion for Protective Order, it also seeks to depose Mr. Early, another employee of MD&A. ECF No. 46. Defendant's Motion to Quash Subpoenas also seeks to quash Mr. Early's subpoena. ECF No. 45. As explained, *supra*, On-Site was aware of Mr. Early's involvement with the valve earlier in the case. On-Site cannot now, after the close of discovery and dispositive motions were filed depose Mr. Early. Plaintiff's motion for protective order will be denied and Defendant's motion to quash subpoena will be denied as moot.

## II.

Accordingly, it is **ORDERED** that the Defendant's Motion to Strike Plaintiff's Experts, ECF No. 32, is **GRANTED**. Mr. Talmage may not testify as a retained or percipient expert witness at trial.

It is further **ORDERED** that the Plaintiff's Motion to Quash On-Site's Subpoenas, ECF No. 45, is **DENIED AS MOOT.**

It is further **ORDERED** that the Defendant's Motion for Protective Order Pertaining to Expert Depositions, ECF No. 46, is **DENIED**.

Dated: October 1, 2021　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge