UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HILLMAN POWER COMPANY, LLC,

                    Plaintiff,                         Case No. 1:19-cv-11009

v.                                              Honorable Thomas L. Ludington
                                                United States District Judge

ON-SITE EQUIPMENT MAINTENANCE, INC.,

                    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION**

On October 1, 2021, this Court issued an opinion granting Defendant's motion to strike

Plaintiff's proposed expert testimony; denying Plaintiff's motion to quash Defendant's subpoenas;

and denying Defendant's motion for a protective order. *Hillman Power Co. v. On-Site Equip.*

*Maint.*, No. 1:19-CV-11009, 2021 WL 4487965 (E.D. Mich. Oct. 1, 2021). Before the Court is

Plaintiff's motion for partial reconsideration of that order. ECF No. 68. For the reasons explained

hereafter, Plaintiff's motion for reconsideration will be denied.

**I.**

This case arises from Defendant's effort to repair Plaintiff's steam stop valve. Plaintiff

Hillman Power Company, LLC is an electric power plant in Hillman, Michigan. Defendant On-

Site Equipment Maintenance, Inc. is a company that repairs industrial equipment, with its principal

place of business in Edison, New Jersey.

Plaintiff filed a five-count complaint, alleging breach of contract (Count I); negligence

(Count II); unjust enrichment (Count III); fraudulent misrepresentation (Count IV); and negligent

misrepresentation (Count V). ECF No. 1 at PageID.2. After removing the case to federal court,

Defendant filed a crossclaim for breach of contract with its answer, alleging that Plaintiff failed to pay the entire balance owed and that it breached contractual warranty terms. *Id.*; ECF No. 12-2 at PageID.87–90; *see also Hillman Power Co. v. On-Site Equip. Maint.*, LLC, No. 19-11009, 2019 WL 13099838, at *1 (E.D. Mich. Oct. 16, 2019) (granting Defendant's motion to file a counterclaim).

In December 2020, Plaintiff sought summary judgment on Counts I, III and V. ECF No. 55 at PageID.1117. In turn, Defendant, filed a cross-motion for summary judgment on its breach-of-contract counterclaim. *Id.* at PageID.1122. Defendant also denied all five of Plaintiff's counts. *Id.* Defendant's motion to dismiss counts II, III, IV and V was granted, leaving only Count III. *Id.* at PageID.1132.

The parties' crossclaims for breach of contract remained due to genuine issues of material fact regarding whether the valve was inoperable and who breached the contract first. *Id.* at PageID.1122–23.

In June 2020, Defendant filed a motion to exclude one of Plaintiff's expert witnesses from testifying as an opinion witness at trial. ECF No. 32 at PageID.284. First, Defendant argued that Plaintiff violated the expert-disclosure provisions of Federal Rule of Civil Procedure 26(a). *Id.* at PageID.275; *see* FED. R. CIV. P. 37(c)(1). Second, Defendant asserted that the expert witness should be struck from testifying as an opinion witness under Federal Rule of Evidence 702. *Id.* at PageID.279–80.

In September 2020, Defendant filed a motion for a protective order as alternate relief, seeking to depose the expert and another witness. ECF No. 46. Defendant provided notice of its depositions in August 2020 and sought to enforce them. *Id.* Although requested after the close of discovery, Defendant claimed that it could not have deposed the witnesses during the discovery

period because Plaintiff had not yet released the witnesses' identities or their expert reports as required. *Id.*

In response, Plaintiff filed a motion to quash Defendant's subpoenas. ECF No. 45. Plaintiff insisted that Defendant had proper notice of the witnesses and adequate time to depose them during discovery. *Id.* at PageID.958–59 (citing ECF No. 45-2). Plaintiff explained that it had "explicitly referenced [the witnesses' employer] throughout written responses to discovery, correspondence, and documents produced in this matter, and [both witnesses] specifically were identified in documents produced in November of 2019." ECF No. 45 at PageID.958–59. Also, Plaintiff accurately pointed out that Rule 26(a)'s expert-reporting requirements "only appl[y] to witnesses 'retained or specially employed to provide expert testimony in the case.'" *Id.* at PageID.960 (citing *Liberty Mutual Ins. v. City of Dearborn*, 2012 WL 13009107 (E.D. Mich. Apr. 25, 2012)). Therefore, Plaintiff contended, because its witnesses are not testifying strictly as experts, Rule 26(a)'s requirement to report was inapplicable. *Id.*

In October 2021, this Court granted Defendant's motion to strike and denied Plaintiff's motion to quash and Defendant's motion for a protective order. *See Hillman Power Co. v. On-Site Equip. Maint.*, No. 1:19-CV-11009, 2021 WL 4487965 (E.D. Mich. Oct. 1, 2021).

Two weeks later, Plaintiff filed a motion for reconsideration under Local Rule 7.1(h), requesting this Court to "reconsider its granting of Defendant's Motion to Strike on the grounds that Plaintiff's expert disclosures sufficiently identified a percipient witness." ECF No. 68 at PageID.1163.

## II.

Since Plaintiff filed its Motion for Reconsideration, the United States District Court for the Eastern District of Michigan updated Local Rule 7.1(h), sharpening the standard of review

depending on the type of motion for which the movant is requesting reconsideration. *Compare* E.D. Mich. LR 7.1(h) (effective July 1, 2017), *with* E.D. Mich. LR 7.1(h) (effective Dec. 1, 2021). As such, this Court will review Plaintiff's motion for reconsideration under the sharper standard.

Local Rule 7.1(h) now distinguishes the standard of review for motions for reconsideration of final orders, E.D. Mich. LR 7.1(h)(1), as opposed to nonfinal orders, E.D. Mich. LR 7.1(h)(2). Plaintiff's motion seeks review of nonfinal orders.

Local Rule 7.1(h)(2) provides that:

Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
(B) An intervening change in controlling law warrants a different outcome; or
(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Based on Plaintiff's arguments, Local Rule 7.1(h)(2)(A) applies to Plaintiff's Motion.

### III.

Plaintiff's Motion advances three arguments: (1) Defendant's motion sought to prevent "only the 'anticipated conclusions and testimony' arising out of [the expert's] inspection of the Valve," but it did not seek to exclude "his opinions formed during his initial work prior to the filing of this action"; (2) "recently issued illustrative opinions which have found that similar disclosures satisfied Rule 26(b)(4)(A)" demonstrate a palpable defect in this Court's "finding that Plaintiff's identification of its expert's employer was inadequate"; and (3) "any such prejudice to Defendant[] can be cured without delaying trial," because "this matter has been indefinitely postponed pending presumption of civil jury trials." ECF No. 68 at PageID.1164.

As indicated, Local Rule 7.1(h)(2)(A) governs Plaintiff's first argument; Local Rule 7.1(h)(2)(B) governs Plaintiff's second argument; and Local Rule 7.1(h)(2)(C) governs Plaintiff's third argument.

### A.

Plaintiff first argues that this Court should allow its expert to testify as a percipient witness, because Defendant's motion to strike Plaintiff's expert only argued that Plaintiff's expert should not be able to testify as an expert witness. *See* ECF No. 68 at PageID.1166–67.

Local Rule 7.1(h)(2)(A) requires the movant to demonstrate (1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision. E.D. Mich. LR 7.1(h)(2)(A).

This Court barred Plaintiff's expert as a witness by applying Federal Rule of Civil Procedure 37(c)(1) and *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). *See Hillman Power Co. v. On-Site Equip. Maint.*, No. 1:19-CV-11009, 2021 WL 4487965, at *3–4 (E.D. Mich. Oct. 1, 2021). Plaintiff does not offer any argument regarding how this Court's analysis was a "mistake based on [that] law." E.D. Mich. LR 7.1(h)(2)(A).

Even so, if a party fails to disclose expert testimony in accordance with the Federal Rules of Civil Procedure, "a trial court has the discretion to strike an expert designation." *Robbins v. Ryan's Fam. Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004) (citing *Hamburger v. State Farm Mut. Auto. Ins.*, 361 F.3d 875, 882–83 (5th Cir.2004)). Whether percipient or expert, this Court's finding that Plaintiff "did not follow protocol for expert disclosures" carries the same weight. *See Hillman Power*, 2021 WL 4487965, at *3.

Moreover, Plaintiff's briefing regarding what it disclosed in the "expert" sense is equally applicable to an analysis of what it disclosed in the "percipient" sense. Because Plaintiff briefed the issue—albeit inadvertently—this Court properly considered it. *See, e.g.*, *Thistlethwaite v. Elements Behav. Health, Inc.*, No. 14CV00138 WJ/CG, 2015 WL 11117428, at *2 (D.N.M. Mar. 24, 2015).

For these reasons, Plaintiff's first argument will be denied.

**B.**

Plaintiff argues that this Court should allow its expert to testify as a percipient witness, because intervening case law required a different result. *See* ECF No. 68 at PageID.1168–71.

Local Rule 7.1(h)(2)(B) requires that "[a]n intervening change in controlling law warrants a different outcome." E. D. Mich. LR 7.1(h)(2)(B).

In support of its argument that controlling case law requires a different outcome, Plaintiff cites *May-Weirauch v. Ethicon, Inc.*, No. 1:20-CV-01205SLDJEH, 2020 WL 6946445 (C.D. Ill. Nov. 25, 2020); *Rawers v. United States*, No. CIV 19-0034 JB\CG, 2020 WL 5658093 (D.N.M. Sept. 23, 2020); and *Williams v. Jaimet*, No. 3:17-CV-1247-MAB, 2020 WL 2556964 (S.D. Ill. May 20, 2020).

None of those cases are "controlling law." First, they are all unreported cases. *Bonga v. Smith*, No. 10-CV-10013, 2010 WL 431717, at *3 (E.D. Mich. Feb. 2, 2010) (citing *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996)). Similarly, "a district court is not bound by decisions of . . . other circuits." *Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008) (citing *Ghandi v. Police Dep't of City of Detroit*, 74 F.R.D. 115, 122 (E.D. Mich. 1977)). Further, "a district court's opinion is never binding precedent." *Malam v. Adducci*, 469 F. Supp. 3d 767, 788 (E.D. Mich. 2020) (citing *Camreta v. Greene*, 563 U.S. 692, 709 (2011)). Moreover, the opinions are

from neither the Supreme Court nor a circuit court of appeals. *See id.* As such, they do not "warrant" anything in this Court.

For these reasons, Plaintiff's second argument will be denied.

## C.

Plaintiff argues that any prejudice to Defendant can be cured without delaying trial, because trial has been indefinitely postponed due to COVID-19. ECF No. 68 at PageID.1171–72.

Local Rule 7.1(h)(2)(C) provides that "new facts" must "warrant a different outcome" and must not have been discoverable "with reasonable diligence before the prior decision." E. D. Mich. LR 7.1(h)(2)(C).

Plaintiff's cited fact was discoverable with reasonable diligence before the prior decision. Indeed, on March 10, 2020, the Governor of Michigan declared a State of Emergency due to the severe risk that the novel coronavirus ("COVID-19") pandemic posed to the public. *See* Exec. Order No. 2020-04 (Mar. 10, 2020). On March 13, 2020, the United States District Court for the Eastern District of Michigan postponed trials due to the courts' reduced ability to obtain an adequate spectrum of jurors or maintain a safe environment for counsel and court staff. *See* E.D. Mich. Admin. Order No. 20-AO-021 (effective Mar. 16, 2020). Before this Court granted Defendant's motion to strike, Chief Judge Hood extended the administrative order five more times. *See* E.D. Mich. Admin. Order 21-AO-023 (effective Sept. 22, 2021); E.D. Mich. Admin. Order 21-AO-012 (effective June 24, 2021); E.D. Mich. Admin. Order 21-AO-009 (effective May 3, 2021); E.D. Mich. Admin. Order No. 21-AO-006 (effective Mar. 26, 2021); E.D. Mich. Admin. Order No. 20-AO-059 (effective Dec. 21, 2020).

Even so, this Court's previous reasoning is just as potent now as it was then. *See Hillman Power Co. v. On-Site Equip. Maint.*, No. 1:19-CV-11009, 2021 WL 4487965, at *3–4 (E.D. Mich. Oct. 1, 2021).

For these reasons, Plaintiff's third argument will be denied. Because all three of Plaintiff's arguments have been denied, its Motion for Reconsideration will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 68, is **DENIED**.

Dated: January 21, 2022                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge