UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HILLMAN POWER COMPANY, LLC,

        Plaintiff,                    Case No. 1:19-cv-11009

v.                                        Honorable Thomas L. Ludington
                                           United States District Judge
ON-SITE EQUIPMENT MAINTENANCE,
INC.,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff has filed a motion for leave to amend its complaint based on financial data from Defendant's financial institution purportedly demonstrating that Defendant's individual members used company funds for personal expenditures, permitting Plaintiff to "pierce the corporate veil."

The question before the court is whether the proposed amended complaint is dilatory, based on bad faith, unduly prejudicial, or futile such that Plaintiff should not be granted leave to file it.

**I.**

This case arises from Defendant's effort to repair Plaintiff's steam stop valve. Plaintiff Hillman Power Company is an electric power plant in Hillman, Michigan. Defendant On-Site Equipment Maintenance is a New Jersey company that repairs industrial equipment.

Plaintiff filed a five-count complaint, alleging breach of contract (Count I); negligence (Count II); unjust enrichment (Count III); fraudulent misrepresentation (Count IV); and negligent misrepresentation (Count V). ECF No. 1 at PageID.2. After removing the case here, Defendant filed a crossclaim for breach of contract, alleging Plaintiff failed to pay the balance owed. *Id.*; ECF No. 12-2 at PageID.87–90; *see also Hillman Power Co. v. On-Site Equip. Maint.*, LLC, No. 19-

11009, 2019 WL 13099838, at *1 (E.D. Mich. Oct. 16, 2019) (granting Defendant's motion to file a counterclaim).

In December 2020, Plaintiff sought summary judgment on Counts I, III and V. ECF No. 55 at PageID.1117. In turn, Defendant, filed a cross-motion for summary judgment on its breach claim. *Id.* at PageID.1122. Defendant's motion was granted, dismissing Counts II, III, IV and V—leaving only Count I (breach). *Id.* at PageID.1132.

The parties' crossclaims for breach of contract remained because there were genuine issues of material fact regarding whether the valve was inoperable and who breached the contract first. *Id.* at PageID.1122–23. The case proceeded for approximately 21 months, but both parties claimed that they were insolvent. *See* ECF No. 73 at PageID.1248–49.

Plaintiff now contends that Defendant's "insolvency was due to its owners' systematic and coordinated siphoning of funds from its business bank accounts for their own personal use." *Id.* at PageID.1249. According to Plaintiff, Defendant's owners spent "all $336,490 within 25 days" on, among other things, "personal credit card payments," "trips to several high-end fashion stores," "high-end restaurants and steakhouses," "other high-end retailers," and "a pornographic 'cam girl.'" *Id.* at PageID.1250. So Plaintiff filed a motion for leave to amend its complaint to pursue Defendant's principals.

II.

A.

A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue

prejudice to the opposing party, [or] futility of amendment." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). To that end, the decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Id.* (same); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." (citation and internal quotation marks omitted)); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))).

**B.**

Plaintiff requests leave to add (1) five defendants, (2) a new count to pierce Defendant's corporate veil,[1] and (3) nine paragraphs of facts relevant to the new count. *See generally* ECF No. 73-4 at PageID.1354–66. The amended complaint would also omit Plaintiff's state-law claims of negligence, unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation—leaving only a claim of breach of contract. *Compare id.*, *with* ECF No. 1-1 at PageID.7–18.

In opposition, Defendant asserts (1) undue delay, (2) bad faith, (3) prejudice, and (4) futility of the amendment. *See* ECF No. 74 at PageID.1368–70.

This Court will not address delay, faith, or prejudice because Plaintiff's amended complaint is futile. Whether the law of New Jersey or Michigan applies to Plaintiff's breach claim, "[i]t is

---

[1] Importantly, the proposed complaint may not be interpreted to include a claim of conversion against Defendant's purported owners. *See, e.g.*, *Dep't of Agric. v. Appletree Mktg.*, 779 N.W.2d 237, 247 (Mich. 2010) (footnote omitted) ("Conversion is an intentional tort, and piercing the corporate veil is not necessary to a determination of personal liability for intentional torts: regardless of the corporate form, officers remain personally liable for their intentional and criminal conduct.").

well established that piercing the corporate veil is not itself a cause of action"; it is a postjudgment remedy. *Brennan v. Nat'l Action Fin. Servs., Inc.*, No. 12-CV-10551, 2012 WL 3888218, at *3 (E.D. Mich. Sept. 7, 2012) (collecting cases); *accord Gallagher v. Persha*, 891 N.W.2d 505, 509 (Mich. Ct. App. 2016) (first citing *In re RCS Engineered Prods. Co.*, 102 F.3d 223, 226 (6th Cir. 1996); and then citing *Aioi Seiki, Inc. v. JIT Automation, Inc.*, 11 F. Supp. 2d 950, 953-54 (E.D. Mich. 1998)); *Verni ex rel. Burstein v. Harry M. Stevens, Inc.*, 903 A.2d 475, 498 (N.J. Super. Ct. App. Div. 2006) (quoting *Trs. of Nat'l Elevator Indus. Pension Fund v. Lutyk*, 332 F.3d 188, 193 (3d Cir. 2003)). Thus, Plaintiff's request to amend the complaint must be denied. *T. Lemkau & Assocs. v. Sowa Tool & Mach. Co.*, No. 11-10039, 2011 WL 13217853, at *1 (E.D. Mich. Sept. 22, 2011) ("A proposed amendment of a complaint is 'futile' if the amendment could not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim." (quoting *Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000))).

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 73, is **DENIED WITHOUT PREJUDICE**.

Dated: September 29, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge